IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| GIL WORKMAN and LORILYN WORKMAN,<br><br>Plaintiffs,<br><br>v.<br><br>SEA WORLD OF CALIFORNIA, a division of Sea World Inc., SEA WORLD, INC., and JOHN DOE Nos. 1-10,<br><br>Defendants. | ORDER DENYING PLAINTIFFS' REQUEST TO CONDUCT DISCOVERY RELATING TO RULE 15(c)(3) NOTICE ISSUES AND REVISING ORDER ADDRESSING MOTION TO PROHIBIT ALLOCATION OF FAULT OR NAME NEW DEFENDANT<br><br>Case No. 1:06-cv-00034 |

On December 21, 2006, this court granted in part and denied in part the Workmans' motion to prohibit allocation of fault to third parties or, in the alternative, to amend the complaint to name a new defendant under Rule 15(c)(3) of the Federal Rules of Civil Procedure (#17). The Workmans' motion to amend was granted subject to a showing that the requirements of Rule 15(c)(3) were met. The Workmans now request the court for leave to perform discovery in order to examine whether the notice issues of Rule 15(c)(3) are satisfied. Upon further examination of this issue, the court concludes that any additional discovery would be futile because the Tenth Circuit has held that a plaintiff cannot use Rule 15(c)(3) to replace a "John Doe" with a newly named defendant. Consequently, the court DENIES the Workmans' request to perform

discovery (#23).

In light of the newly discovered case law regarding Rule 15(c)(3), the court, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, revises its December 21 Order (addressing #17) as follows: (1) the portion of Workmans' motion to amend the complaint to add defendant under Rule 15(c)(3) is DENIED, and (2) the court DENIES without prejudice the portion of Workmans' motion to prohibit allocation of fault to third parties as premature, reserving judgment on this issue for a later date.  It is anticipated that the court will address the issue of allocation of fault by way of a motion in limine filed by the Workmans' before trial.

## BACKGROUND

This case arises from events that transpired at the Utah home of Plaintiffs Gil and Lorilyn Workman during the 2002 Winter Olympics in Salt Lake City.  The Workmans instituted this action seeking relief for damage to their property and resulting injuries that they assert were the result of negligent conduct by Sea World and others occupying their home.  In their complaint, the Workmans named as defendants, Sea World of California, Sea World, Inc., and John Doe Nos. 1-10.

In late 2006, Sea World informed the Workmans that they intended to allocate a portion of any fault to another business, Zoo to You, pursuant to Utah's comparative fault statute.  The Workmans filed a motion seeking this court to prohibit Sea World from allocating fault to Zoo to You, or, in the alternative, to allow them to amend their complaint to replace a "John Doe" with Zoo to You.  The court denied the Workmans' motion to prohibit the allocation of fault and granted their motion to amend, subject to a showing that the requirements of Rule 15(c)(3) were satisfied.  Accordingly, the Workmans have filed a request for leave to perform discovery on

Rule 15(c)(3) notice issues.

## DISCUSSION

In order to determine whether the Workmans' request for discovery should be granted, this court must make an initial determination of whether the Workmans' proposed amendment could possibly satisfy the Rule 15(c)(3) requirements.  In order for an amended pleading that changes the name of a party named as a defendant to relate back to the date of the original pleading, Rule 15(c)(3) requires that there have been "a mistake concerning the identity" of the party named at the time of the filing of the original complaint.[1]  Consistent with the majority of its sister circuits, the Tenth Circuit has interpreted this language to exclude amendments that emanate from the discovery of the identity of an additional defendant previously named only as "John Doe."[2]  In other words, a plaintiff cannot use Rule 15(c)(3) as the vehicle to replace a John Doe with a newly named defendant.  The Tenth Circuit, in *Garrett v. Fleming*, noted that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party,'" since to allow such an amendment would allow the plaintiff to circumvent the statutes of limitations by effectively changing the party sued.[3]

In their original complaint, the Workmans named Sea World of California, Sea World, Inc., and John Doe Nos. 1-10, as defendants.  By attempting to add Zoo to You as a defendant sharing liability for their losses, the Workmans are seeking to replace one of the John Doe defendants with Zoo to You.  The Tenth Circuit has made it clear that such an amendment is not

---

[1] Fed. R. Civ. P. 15(c)(3).

[2] *See, e.g., Garrett v. Fleming,* 362 F.3d 692 (10th Cir. 2004).

[3] *Id.* at 696 (quoting Fed. R. Civ. P. 15(c)(3)).

allowed under Rule 15(c)(3). Consequently, the court DENIES the Workmans' request for leave to perform discovery (#23) and, amending its previous order (#22), DENIES the portion of the Workmans' motion (#17) seeking to amend the complaint to name a new defendant pursuant to Rule 15(c)(3).

The court's denial of the Workmans' motions should not be construed as an absolute bar against the addition of parties that could properly be added or joined as defendants pursuant to other rules of procedure. However, in this case, Rule 15(c)(3) is not a proper vehicle for such an amendment.

In its previous motion, the Workmans' also sought to bar the defendants from allocating fault to Zoo to You at trial. The court had previously denied this part of their motion. On further reflection, however, the court is now of the view that this issue is best determined in the context of crafting jury instructions for trial. The court remains skeptical, but will consider the issue at a later date. As the trial date approaches, the court will set a schedule for the submission of jury instructions. At that time, if the Workmans' still wish to present this issue, they should file an appropriate motion in limine that can be decided simultaneously with the crafting of appropriate jury instructions. The court will therefore revise its earlier order (#22) and DENY this part of the motion WITHOUT PREJUDICE to it being resubmitted through an appropriate motion as trial approaches (#17).

SO ORDERED.

DATED this 26th day of February, 2007.

BY THE COURT:

_Paul Cassell_
_____

                                        Paul G. Cassell  
                                        United States District Judge